UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CLAIRE L. DURCHHOLZ, | ) | |
| | ) | **PREGNANCY DISCRIMINATION** |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| ORTHOPAEDIS ASSOCIATES, INC, | ) | CASE NO. 3:20-cv-242 |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES
### I.   INTRODUCTION

Plaintiff, Claire L. Durchholz (hereinafter "Durchholz") brings this action against Defendant, Orthopaedic Associates, Inc. ("Orthopaedic Associates" or the "Defendant") for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. §2000e) as amended by the Pregnancy and Discrimination Act of 1978.

Defendant hired Durchholz as an X-ray Technologist IOC. About one month later, her direct supervisor evaluated her job performance as meeting Defendant's legitimate expectations. Durchholz's job titled later changed, but she continued to meet her employer's legitimate expectations.

A few months later, Durchholz began reporting to a different supervisor. Durchholz later became pregnant and informed her supervisor of this fact. She subsequently requested maternity leave paperwork from the Human Resources Specialist. Unfortunately, she later experienced a high risk pregnancy and reported the same to her supervisor and the Human Resources Specialist. Two days later, she

was summarily fired for insubordination, quantity of work produced, and poor teamwork & performance.

## I.   PARTIES

1. During the period relevant to this Complaint, Durchholz resided in Boonville, Warrick County, Indiana.

2. During the period relevant to this Complaint, Orthopaedic Associates was a corporation duly organized and existing under the laws of the state of Indiana, whose principal place of business was in Evansville, Vanderburgh County, Indiana.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII.

4. Venue is proper in the district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Evansville, Vanderburgh County, Indiana and Orthopaedic Associates has its principal office in this district, and there is no other district that has substantial connection to the claim.

## III.   CONDITIONS PRECEDENT

5. On November 15, 2019, Durchholz timely filed a charge of sex/pregnancy discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

6. On July 20, 2020, the EEOC issued Durchholz a Notice of Right to Sue. This Complaint has been field within 90 days of receipt of that notice. Durchholz

has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## IV.   *FACTUAL ALLEGATIONS*

7. Durchholz is a woman who resides in Boonville, Warrick County, Indiana.

8. Durchholz was an employee at Orthopaedic Associates, as defined by 42 U.S.C.A. § 2000e(b) (hereinafter "Title VII").

9. Orthopaedic Associates is an employer as defined by Title VII.

10. On March 1, 2018, Durchholz began working for Orthopaedic Associates as a X-ray Technologist ION.

11. Durchholz's reported to the radiology Team Leader, Jera Chappell.

12. During her tenure, Durchholz satisfactorily performed her job duties.

13. On April 30, 2018, Chappell completed Durchholz's 30 day evaluation wherein she noted Durchholz met her employer's legitimate expectations.

14. On or before May 22, 2018, Durchholz's job title changed to Radiologic Technologist/Clinical Assistant.

15. On May 22, 2018, Chappell completed Durchholz's 60 day evaluation wherein she noted Durchholz met employer's legitimate expectations. Chappell noted Durchholz's quantity of work "needs improvement."

16. In July of 2018, Durchholz began reporting to Site Supervisor, Paul Gorman.

17. On August 24, 2018, Durchholz informed Chappell she was pregnant. As the Radiology Team Leader, Chappell was responsible for obtaining radiation badges used to monitor Durchholz and her fetus' exposure to radiation.

18. In September of 2018, Durchholz informed Gorman she was pregnant.

19. On or about December 8, 2018, Durchholz was in the process of completing her continuing education credit related to her license.

20. Gorman approached Durchholz regarding a pre-certification training.

21. Durchholz requested additional time to complete her continuing education credit before joining the pre-certification training.

22. Gorman permitted Durchholz to complete her continuing education credit before joining the meeting.

23. Durchholz completed the continuing education credit within approximately five minutes and promptly joined the pre-certification training thereafter.

24. On December 11, 2018, Durchholz requested information about maternity leave from the Human Resources Specialist, Brittney Doss.

25. On or before December 21, 2018, Durchholz's co-worker was reprimanded for using his cell phone and playing video games while on the clock.

26. On or about December 21, 2018, Durchholz and all of her colleagues were issued a cell phone usage warning based, in whole or in part, on her co-worker's conduct.

27. On January 3, 2019, Gorman and Doss provided Durchholz her annual evaluation wherein they noted she met her employer's legitimate expectations in two of four categories and needed improvement in the remaining two categories.

28. On January 21, 2019, Durchholz's doctor categorized her as a high risk pregnancy.

29. On January 23, 2019, Durchholz advised Gorman that her doctor categorized her as having a high risk pregnancy.

30. On January 25, 2019, only two days after Durchholz informed Gorman of her high risk pregnancy status, Gorman and Doss summarily fired Durchholz for insubordination, quantity of work produced, and poor teamwork & performance as outlined in her January 2019 employee review.

31. On January 25, 2019, Defendant issued Durchholz an Employee Termination Form setting forth its purported reasons for terminating Durchholz.

32. At no time during her tenure did Durchholz behave in an insubordinate manner.

33. At no time prior to her termination did Defendant inform Durchholz that she had acted in an insubordinate manner.

## V.   *PREGNANCY DISCRIMINATION*

34.   Durchholz incorporates herein by reference paragraphs 1 through 25 above.

35.   Durchholz was pregnant and qualified for her position when Orthopaedic Associates fired her.

36.   Defendant discriminated against Durchholz based pregnancy, in general, and based on her high risk pregnancy status, in particular.

37.   Durchholz suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the cost of bringing this action.

38.   Orthopaedic Associates intentionally violated Durchholz's rights under Title VII, with malice or reckless indifference, and, as a result is liable for punitive damages.

## VI.   *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff, Claire Durchholz, respectfully requests judgment as follows:

1. Accept jurisdiction over this matter;

2. Award Durchholz for her past and future loss of wages and benefits, plus interest;

3. Award to Durchholz liquated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

4. Award Durchholz all costs and reasonable attorney's fees incurred in connection with this action;

5. Award to Durchholz compensatory damages;

6. Award to Durchholz punitive damages; and

7. Grant Durchholz such additional or alternative relief as the Court deems just and proper.

## *JURY DEMAND*

Durchholz demand a trial by jury on all claims properly triable by a jury.

Respectfully submitted

WILLIAMSON CIVIL LAW, LLC

_____

Aaron J. Williamson
Attorney No. 32803-49
WILLIAMSON CIVIL LAW, LLC
8888 Keystone Crossing, Ste. 1300
Indianapolis, IN 46240
(317) 434-0370
Facsimile: 765.204.7161
aaron.williamson@wcivillaw.com